■ CHRISTOPHER LUNN, an Infant, by PAUL LUNN, His Father and Natural Guardian, et al., Respondents, v STATE OF NEW YORK, Appellant.

(Claim No. 58429.)—Appeal from a judgment in favor of claimants, entered October 1, 1976, upon a decision of the Court of Claims. At about 2:35 A.M. on March 16, 1974, Lawrence Pulver was operating his brother's Rambler automobile in a generally easterly direction on Route 25-A in East Setauket, New York, and had with him as a passenger the claimant, Christopher Lunn. At a point on the highway near where it is intercepted by a gravel lane and turns to the north, Pulver, in misty weather and with the highway wet, admittedly looked away from the highway with the result that the car partially left the road and, as he sought to regain control of the vehicle, it skidded and collided with a guide rail on the northerly side of the highway. As a result of the accident, Christopher suffered clinical fractures and displacements which brought about transection of the spinal cord. Thereafter, the claimants (hereafter all references to claimant refer to Christopher Lunn) commenced an action against the State, alleging that the State was negligent in that it approved construction of a guide rail with a gap therein for ingress and egress, thus creating a dangerous and hazardous condition and further that the "butt ends" of the gap were so placed as to provide an offset, with the result that when the Pulver car collided with the westerly sector of the guide rail, it was guided into the immovable butt end of the easterly section of the guide rail which pierced through the passenger side of the car, thereby causing the injuries. In essence, the claimant contends that, if the guide rail had been properly constructed without the gap and in proper alignment, the Pulver vehicle would have been guided back to the highway with inconsequential, if any, damage or injury and that, therefore, the State was guilty of negligence that was a concurrent proximate cause of the injuries. On the other hand, the State maintains that the construction was in accordance with acceptable and approved standards and that any offset or protrusion, if existent, was minimal and in no way responsible for the claimant's injuries. Moreover, the State contends that the claimant was himself guilty of contributory negligence for the reason that he rode with Pulver knowing that he had consumed generous quantities of beer and he knew or should have known that the beer had visibly affected Pulver's capabilities. Pulver was charged with driving while intoxicated and pleaded guilty to driving while impaired. After a trial solely upon the question of liability, the court found that the inclusion of the gap in the guide rail did not, by itself, constitute negligence. However, it found claimant free from contributory negligence and further found that the easterly butt end of the guide rail was offset in such a manner as to affirmatively create a hazardous condition, thus rendering the State liable. This appeal ensued. Initially we agree with the trial court that the inclusion of the gap in the guide rail did not, by itself, constitute negligence. Although an expert appearing for the claimants testified that there was no justification for the presence of the gap, there was other expert testimony presented to the effect that, when the subject guide rail was installed in 1962 and when alterations were made at the site in 1967, the presence of the gap was in accord with design standards and sound engineering practice. Accordingly, on this issue there was ample support for the court's determination which we shall not disturb. As for the court's additional finding that the State was liable for claimants' injuries because the easterly butt end of the guide rail was offset in such a manner so as to create a hazardous condition, however, we cannot agree. Concededly, Daniel Hawkins, a resident near the accident site, testified that the easterly and westerly butt ends of the gap were offset so that the easterly butt end was approximately 10 or 11 inches closer to the roadway. Nevertheless, as the expert testimony presented makes abundantly clear, this

offset was caused solely by the curve in the roadway and related only to the distances of the respective butt ends therefrom. Moreover, as confirmed by Frank Schumchyk, an expert who worked at the site in 1967 and appeared at the trial for claimants, this offset did not result in any protrusion and we so find, but rather the guide rail, including the gap, formed a continuous "very smooth curve" which plainly could not, as claimants argued, have directed the Pulver vehicle into the easterly butt end and thereby caused the resultant injuries. This conclusion is reinforced by our examination of the remainder of the evidence, particularly the photographic exhibits, and there is an absence of support in the record for the imposition of liability upon the State. Consequently, the judgment in favor of claimants must be reversed. Judgment reversed, on the law and the facts, without costs, and claims dismissed. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.